IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ANITA KISHNA**,

    Plaintiff,

v.

**UNITED STATES FISH AND WILDLIFE SERVICE**, et al

    Defendant.

Civ. No. 6:22-cv-01647-AA

**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Anita Kishna seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 4. Plaintiff's allegations concern the quality of life to which animals and humans are entitled. Plaintiff names as Defendant the United States Fish and Wildlife Service.[1] For the reasons set forth below, Plaintiff's Complaint, ECF No. 1, DISMISSED with leave to amend; Plaintiff's Motion for the Appointment of Pro Bono Counsel, ECF No. 5, is DENIED with leave to refile.

## BACKGROUND

Plaintiff's allegations are difficult to decipher. In her Pro Se Civil Complaint

---

[1] Plaintiff's handwritten case caption states that she is suing "USA Fish & Wildlife Services; Oregon Fish & Wildlife Services; and Others as appropriate."

Page 1 – OPINION AND ORDER

Form, she alleges that she has been "terrorized, intimidated, and brutalized repeatedly." It is not clear by whom. She alleges that she is "being kept unwell for as long as the crew behind it can keep it going unprovoked," and experiencing "torture" and "abuse upon abuse." ECF No. 1-1 at 4.

Plaintiff attached several pages printed from the Animal Legal Defense Fund website, found at https://aldf.org/article/laws-that-protect-animals. Those pages printed from the site include a list of "Laws that Protect Animals." If Plaintiff is alleging that Defendant violated any of those laws, that is not clear from the Complaint.

Plaintiff also included several dozen "requests." As example, Plaintiff asks that "homes be built in trees either using the tree trunks themselves, or other methods for squirrels and birds." ECF No. 1-1 at 18. Plaintiff also attests to her concern about domesticated pets, insects, birds, and other wildlife forms, and seeks explanation for why our society hurts, maims, and kills animals, which are sentient beings. *Id*. at 18-63. Plaintiff asks the Court to ensure that animals in the wild or in domestic settings get enough food and water. *Id*. at 59. Plaintiff also asks the Court to "ensure the adjustment" of the harms of normal work hours and to "understand" the impact that stress has on the mind and body. As a final example, Plaintiff requests that people obtain the opportunity to travel to another country to experience and understand different cultures. *Id*. at 52.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP

Page 2 – OPINION AND ORDER

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Here, it is not clear under what law Plaintiff is suing Defendant. Federal Rule of Civil Procedure 8 requires that a complaint provides sufficient facts to give a defendant fair notice of the claims against the defendant. *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds). The complaint must clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1131-32 (9th Cir. 2008). The complaint must contain more than "naked assertion[s,]" "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to state a claim for relief. *Bell*, 550 U.S. at 555-57. "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F. 3d 1172, 1179 (9th Cir. 1996). In sum, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d).

Here, Plaintiff's Complaint does not conform to the dictates of Rule 8. It is not short and does not contain a plain statement of Plaintiff's claims or show that Plaintiff is entitled to relief from any of the various Defendants. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Though Plaintiff has provided from a website a list of laws that protect animals, she has not supplied the essential elements of a claim—that means she has not told the Court what specific law was broken and how Defendant broke that law. In giving liberal interpretation to a pro se litigant's complaint, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). Plaintiff must tell the court (1) what law Defendant broke and explain briefly (2) what Defendant did that broke the law and (3) how Plaintiff was harmed by Defendant's conduct.

Plaintiff also alleges facts that appear to be of a criminal nature (abuse, torture, etc). When a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions vested in the discretion of a prosecutor. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Criminal statutes generally do not provide any express private cause of action or other basis for civil liability, *see, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit), and the Supreme Court has noted that a private right of action under a criminal statute has rarely been implied. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Plaintiff is a private party and not a prosecutor and thus she cannot file criminal charges. Rule 12(h)(3) requires that "[w]henever it appears ... that the

Page 5 – OPINION AND ORDER

court lacks jurisdiction of the subject matter, the court shall dismiss the action." Accordingly, the Court does not have subject matter jurisdiction over any of Plaintiff's criminal claims.

Plaintiff also requests pro bono counsel. ECF No. 5. There is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). At this point in time, the Court cannot say there is any likelihood of success on the merits.

## CONCLUSION

For the reasons explained, Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have 30 days from the date of this Order to submit an amended Complaint or the case will be dismissed with prejudice. The Court reserves its ruling Plaintiff's Application for IFP until after submission of Plaintiff's Amended Complaint. Plaintiff's Motion for Appointment of Counsel, ECF No. 5, is DENIED with leave to refile.

IT IS SO ORDERED.

Dated this 7 th day of February 2023.

/s/Ann Aiken

Ann Aiken
United States District Judge